IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID PRIEST,

   Petitioner,        No. CIV S-09-2979 MCE EFB P

  vs.

J. W. HAVILAND,

   Respondent.       FINDINGS AND RECOMMENDATIONS
_____/

  Petitioner is a state prisoner proceeding *in propria persona* with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges the decision of the California Board of Parole Hearings (hereinafter "Board") to deny him parole at a parole consideration hearing held on January 7, 2008. He claims that the Board's decision finding him unsuitable for parole violated his right to due process, and that the misconduct of the District Attorney during the suitability hearing prejudiced him and rendered the Board's decision arbitrary and capricious.

  As discussed below, the United States Supreme Court has held that the only inquiry on federal habeas review of a denial of parole is whether the petitioner has received "fair procedures" for vindication of the liberty interest in parole given by the state. *Swarthout v. Cooke*, 562 U.S. ___ (2011), No. 10-333, 2011 WL 197627, at *2 (Jan. 24, 2011). In the context of a California parole suitability hearing, a petitioner receives adequate process when he/she is

1

allowed an opportunity to be heard and a statement of the reasons why parole was denied. *Id.* at **2-3 (federal due process satisfied where petitioners were "allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied"); *see also Greenholtz v. Inmates of Neb. Penal*, 442 U.S. 1, 16 (1979). For the reasons that follow, applying this standard here requires that the petition for writ of habeas corpus be denied.

**I. Procedural Background**

Petitioner is confined pursuant to a 1987 judgment of conviction entered against him in the San Joaquin County Superior Court following his conviction on charges of second degree murder with use of a weapon. Pet. at 1.[1] Pursuant to that conviction, petitioner was sentenced to sixteen years to life in state prison. *Id.*

The parole consideration hearing that is placed at issue by the instant petition was held on January 7, 2008. Dckt. 1-1, at 106. Petitioner appeared at and participated in the hearing. *Id.* at 106-72. Following deliberations held at the conclusion of the hearing, the Board panel announced their decision to deny petitioner parole for two years and the reasons for that decision. *Id.* at 173-81.

Petitioner challenged the Board's 2008 decision in a petition for writ of habeas corpus filed in the San Joaquin County Superior Court. Answer, Ex. 2. The Superior Court denied that petition in a reasoned decision. *Id.* at 1. Petitioner subsequently challenged the Board's 2008 decision in a petition for writ of habeas corpus filed in the California Court of Appeal and in a petition for review filed in the California Supreme Court. *Id.*, Exs. 3, 4. Those petitions were summarily denied. *Id.*

////

////

---

[1] Page number citations such as these are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

## II. Petitioner's Claims

### A. Prosecutorial Misconduct

In his first ground for relief, petitioner claims that a Deputy District Attorney who was present at the 2008 parole suitability hearing committed prejudicial misconduct which rendered the Board's suitability decision "arbitrary and capricious." Pet. at 25. The background to this claim is the following. At the 2008 hearing, petitioner answered in the affirmative when he was asked whether his "explanation for the murder is your wife told you she was raped by [the victim]." Dckt. 1-1, at 145. Petitioner conceded that his wife did not report the rape to law enforcement authorities. *Id.* However, he stated that his wife told him the victim had raped her. *Id.* at 149. When it was his turn to ask questions, the representative from the District Attorney's Office asked petitioner whether he was aware his wife had "denied telling [petitioner] that she was raped to a District Attorney's Investigator." *Id.* at 156. He further stated that "about four years ago" petitioner's wife had denied the rape occurred. *Id.* Petitioner stated he didn't believe this was true, and mentioned a 2000 letter written to the Board by his wife, wherein she explained that she had told petitioner the victim had raped her. *Id.* at 156-57. *See also* Pet. at 52-53. The Deputy District Attorney then asked petitioner whether he was aware "that his wife admitted to forging that letter." Dckt. 1-1, at 157. Petitioner stated this was not true. *Id.*

In the instant petition, petitioner denies that his wife's 2000 letter was forged or that his wife's statements were false, and he argues that the Deputy District Attorney knew this when he confronted petitioner at the 2008 hearing about that letter. Pet. at 27. Petitioner provides evidence that, subsequent to the 2008 hearing, his then-counsel investigated this matter and later filed complaints with the California Bar Association against the two Deputy District Attorneys who attended the 2008 hearing, claiming that the questions they asked petitioner about whether his wife had fabricated the information contained in her 2000 letter were not based on existing evidence. Dckt. 1-1, at 183-86.

////

3

In the context of criminal proceedings, a criminal defendant's due process rights are violated when a prosecutor's misconduct renders a trial fundamentally unfair. *Darden v. Wainwright*, 477 U.S. 168, 181 (1986). Relief on such claims is limited to cases in which the petitioner can establish that prosecutorial misconduct resulted in actual prejudice. *Johnson v. Sublett*, 63 F.3d 926, 930 (9th Cir. 1995) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)); *see also Darden*, 477 U.S. at 181-83; *Turner v, Calderon*, 281 F.3d 851, 868 (9th Cir. 2002). Prosecutorial misconduct violates due process when it has a substantial and injurious effect or influence in determining the jury's verdict. *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 899 (9th Cir. 1996). Petitioner has not cited any case law which applies these laws to the conduct of a prosecutor who attends a parole suitability hearing. Respondent notes that pursuant to California law, a representative from the District Attorney's Office is allowed to attend parole consideration hearings, comment on the facts of the case, and offer an opinion about the appropriate disposition. *See* Cal. Penal Code § 3041.7; Cal. Code Regs., tit. 15 § 2030(d)(2).

Assuming *arguendo* that the law regarding prosecutorial misconduct applies in the context of a parole suitability hearing, petitioner is not entitled to relief on this claim. He has not demonstrated that the comments made by the Assistant District Attorney at the 2008 hearing affected the Board's decision or otherwise rendered the proceedings fundamentally unfair. As noted by respondent, the Board did not mention the District Attorney's remarks in its decision and did not rely on these remarks in finding petitioner unsuitable for parole. *See* Dckt. 1-1, at 173-81. Rather, the Board relied on petitioner's defensive demeanor at the hearing "when confronted with stressful issues;" his prior criminal history; his prison disciplinary history; his history of alcohol abuse; and his most recent psychological report, which opined that he posed a low moderate risk of danger to society if released at that time. *Id.* Petitioner argues that the Board's reliance on his "demeanor" reflects that the Board relied on the District Attorney's questions and insinuations at the hearing to find him unsuitable for parole. However, the record does not support this assertion. The Board merely noted that petitioner became defensive when

confronted with negative information, and concluded that he was not yet able to "handle stress in a non-destructive manner." *Id.* at 173-74. Indeed, the Board commissioner stated that "the question is not . . . whether or not your wife was raped . . . ." *Id.* at 175-76. This court also notes that although opposition to parole by law enforcement is to be considered during the parole process, California Penal Code § 3046(c), "voiced opposition to parole is not an enumerated unsuitability factor . . . and such argument is not evidence of unsuitability." *Saldate v. Adams*, 573 F. Supp.2d 1303, 1310 (E.D. Cal. 2008).

Under the circumstances of this case, petitioner has failed to demonstrate that the actions of the District Attorney at the 2008 suitability hearing resulted in actual prejudice to him or otherwise rendered the Board's decision arbitrary and capricious. Accordingly, petitioner is not entitled to relief on his claim of prosecutorial misconduct.

**B. Due Process**

In his second ground for relief, petitioner claims that the Board's 2008 decision finding him unsuitable for parole violated his right to due process because it was not supported by "some evidence" that he posed a current danger to society if released from prison and was improperly based on the unchanging circumstances of his commitment offense. Pet. at 29.

The Due Process Clause of the Fourteenth Amendment prohibits state action that deprives a person of life, liberty, or property without due process of law. A litigant alleging a due process violation must first demonstrate that he was deprived of a liberty or property interest protected by the Due Process Clause and then show that the procedures attendant upon the deprivation were not constitutionally sufficient. *Kentucky Dep't of Corrections v. Thompson,* 490 U.S. 454, 459-60 (1989).

A protected liberty interest may arise from either the Due Process Clause of the United States Constitution "by reason of guarantees implicit in the word 'liberty,'" or from "an expectation or interest created by state laws or policies." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) (citations omitted). *See also Board of Pardons v. Allen*, 482 U.S. 369, 373 (1987). The

5

1  United States Constitution does not, of its own force, create a protected liberty interest in a
2  parole date, even one that has been set. *Jago v. Van Curen*, 454 U.S. 14, 17-21 (1981);
3  *Greenholtz v. Inmates of Neb. Penal*, 442 U.S. 1, 7 (1979) (There is "no constitutional or
4  inherent right of a convicted person to be conditionally released before the expiration of a valid
5  sentence."); *see also Hayward v. Marshall*, 603 F.3d 546, 561 (9th Cir. 2010) (en banc).
6  However, "a state's statutory scheme, if it uses mandatory language, 'creates a presumption that
7  parole release will be granted' when or unless certain designated findings are made, and thereby
8  gives rise to a constitutional liberty interest." *Greenholtz*, 442 U.S. at 12). *See also Allen*, 482
9  U.S. at 376-78.

10  California's parole scheme gives rise to a liberty interest in parole protected by the
11  federal due process clause. *Swarthout v. Cooke*, 562 U.S. at ___, 2011 WL 197627, at *2. In
12  California, a prisoner is entitled to release on parole unless there is "some evidence" of his or her
13  current dangerousness. *In re Lawrence*, 44 Cal.4th 1181, 1205-06, 1210 (2008); *In re
14  Rosenkrantz*, 29 Cal.4th 616, 651-53 (2002). However, the United States Supreme Court has
15  held that correct application of California's "some evidence" standard is not required by the
16  federal Due Process Clause. *Swarthout*, 2011 WL 197627, at *2. Rather, the inquiry on federal
17  habeas is whether the petitioner has received "fair procedures" for vindication of the liberty
18  interest in parole given by the state. *Id.* In the context of a parole suitability hearing, a petitioner
19  receives adequate process when he/she is allowed an opportunity to be heard and a statement of
20  the reasons why parole was denied. *Id.* at **2-3 (federal due process satisfied where petitioners
21  were "allowed to speak at their parole hearings and to contest the evidence against them, were
22  afforded access to their records in advance, and were notified as to the reasons why parole was
23  denied"); *see also Greenholtz*, 442 U.S. at 16.

24  Here, the record reflects that petitioner was present at the 2008 parole hearing, that he
25  participated in the hearing, and that he was provided with the reasons for the Board's decision to
26  deny parole. Pursuant to *Swarthout*, this is all that due process requires. As set forth above,

6

federal due process does not require that the Board's suitability decision be supported by evidence that petitioner was not currently dangerous. Accordingly, petitioner is not entitled to relief on his due process claim.

**IV. Conclusion**

For the foregoing reasons, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

In any objections he elects to file, petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant); *Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010) (en banc) (prisoners are required to obtain a certificate of appealability to review the denial of a habeas petition challenging an administrative decision such as the denial of parole by the parole board).

DATED: February 14, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE